UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**BENSON EVERETT LEGG**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0723

August 31, 2010

MEMORANDUM TO COUNSEL RE:   Benson v. Village Capital & Investment, LLC,
Civ. No. L-10-481

Dear Counsel:

This case arises from a mortgage loan default. Plaintiff Cyril Richard Benson alleges that Defendant Village Capital & Investment, LLC ("Village") committed mortgage fraud in connection with Benson's purchase of a property in Glen Burnie, Maryland.

Now pending is Village's unopposed motion to dismiss (Docket No. 27). No hearing is necessary to decide this matter. See Local Rule 105.6 (D. Md. 2010). For the reasons stated below, the Court will GRANT the motion and DISMISS Benson's Amended Complaint WITH PREJUDICE. The Clerk is DIRECTED to CLOSE the case.

**I.    Background**

Benson filed this action on December 22, 2009 in the Circuit Court for Anne Arundel County, Maryland. He alleged eight counts against Village, Candor Mortgage Corporation ("Candor"), and Bank of America ("BAC"). Candor was never served, and BAC and Village removed to this Court and filed motions to dismiss.

Benson never opposed the motions or otherwise communicated with the Court. The Court nevertheless examined the Complaint and dismissed all of the claims again BAC. With respect to Village, the Court dismissed all but one of Benson's claims, finding that the

1

Complaint, construed loosely, stated a claim under the Maryland Mortgage Fraud Protection Act, Md. Code Ann., Real Prop. § 7-401 et seq. (LexisNexis 2010) (the "MFPA"), for misrepresentations alleged to have been made by Village at the closing.  Because Benson had not opposed the motions or otherwise communicated with the Court, the Court directed him to file an Amended Complaint.

Benson filed his Amended Complaint on May 19, 2010.  The Amended Complaint sets forth one count against Village under the MFPA.  In his Complaint, Benson abandoned his theory about Village's conduct at the closing and attempts to attribute liability to Village on an agency theory.  The essential facts alleged in the Amended Complaint are as follows.

In September or October 2008, Benson sought to exercise his option to purchase the property located at 257 Hammarlee Road, Glen Burnie, Maryland (the "Property").  A realtor referred Benson to Susan Phelps.  Benson alleges that Phelps acted "as an agent, representative, or employee" of Village by helping Benson collect the information necessary to procure a mortgage loan from Village.

Benson alleges that Phelps made several misrepresentations in preparing his loan application.  Benson alleges that Phelps misrepresented which documents were needed to obtain the loan, that Phelps misstated Benson's income, and that Phelps ordered a second appraisal of the Property to fraudulently lower its value.  Benson alleges that he defaulted on his loan because of Phelps's actions.  He seeks $191,000 in actual damages and $10,000,000 in punitive damages.

Village filed the instant Motion to Dismiss on June 2, 2010.  To date, Benson has not filed an opposition or otherwise communicated with the Court.  The Motion could be granted on this ground alone.  Nevertheless, the Court will examine the Amended Complaint to determine whether it has any merit.

**II.     Analysis**

    **A.     Standard**

To survive a Rule 12(b)(6) motion, a plaintiff must plead plausible, not merely conceivable, facts in support of his claim.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  The complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1965.  The Court must, however, "assume the veracity [of well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement of relief."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

    **B.     Analysis**

Benson's claim against Village rests on his allegation that Phelps acted as Village's agent, representative or employee.  The Court rejects this theory.

Maryland law defines agency as "the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other to so act."  Proctor v. Metropolitan Money Store Corp., 579 F. Supp. 2d 724, 735 (D. Md. 2008) (quoting Green v. H & R Block, Inc., 735 A.2d 1039, 1047 (Md. 1999)).  Benson has not alleged any facts in support of his claim that Phelps acted on behalf of Village.  Further, the documents attached and referred to by Benson's Amended Complaint establish that Candor employed Phelps and that the alleged misrepresentations cannot otherwise be attributed to Village, who was the originating lender for the transaction at issue.[1]  See Am. Compl. Ex. A (Uniform Residential Appraisal Report) ("The appraisal was prepared for 'Candor Mortgage'. . . ."); Am. Compl. Ex. C (Settlement Statement)

---

[1] The Court may consider these documents without converting Village's Motion to Dismiss into a Motion for Summary Judgment.  See Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999).

(naming Village as the lender); Mot. Ex. A (Uniform Residential Loan Application) (naming Phelps as "interviewer" and Candor as Phelps's employer).  Accordingly, Benson's Amended Complaint must be dismissed.

Ordinarily, the Court would dismiss Benson's Amended Complaint without prejudice and with leave to re-file.  Benson has already been afforded such an opportunity, however.  Several of the allegations in Benson's Amended Complaint contradict allegations made in his original Complaint.  Moreover, Benson has not opposed Village's Motion or otherwise communicated with the Court.  Under these circumstances, the Court will not give Benson another bite at the apple.

## III.  Conclusion

For the above reasons, the Amended Complaint is DISMISSED WITH PREJUDICE. The Clerk is DIRECTED to CLOSE the case.

 /s/
Benson Everett Legg
United States District Judge